**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jason C Redditt,<br><br>　　　　　Petitioner,<br><br>v.<br><br>M. Gutierrez,<br><br>　　　　　Respondent. | No. CV-25-00030-TUC-AMM (BGM)<br><br>**REPORT AND RECOMMENDATION** |

On January 21, 2025, Petitioner Jason C. Redditt, who is currently incarcerated with the Federal Bureau of Prisons (Bureau) and housed at the United States Penitentiary in Tucson, Arizona (USP-Tucson), filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241. (Doc. 1.) Redditt raises multiple grounds for relief in his petition, alleging that Bureau officials acted in an arbitrary and capricious manner to deprive him of his good conduct time. (*Id*. at 6.) Redditt requests that the Court excuse him from the PLRA's exhaustion requirement, find that Bureau officials acted in an arbitrary and capricious manner to impermissibly find him guilty of a jailhouse violation, and order the Bureau to restore 41 days of lost good conduct time. (*Id*. at 7.)

Under LRCiv 72.1 and 72.2, Redditt's petition was referred to Magistrate Judge Bruce G. Macdonald for a report and recommendation. (Doc. 10 at 3.) Upon review of the parties' briefs and relevant documentary evidence, the Magistrate Judge recommends that the District Judge, after her independent review, deny Redditt's petition and dismiss with prejudice this case.

**BACKGROUND AND PROCEDURAL HISTORY[1]**

Jason Redditt is currently serving an aggregate 845-month term of imprisonment for various federal crimes, including carjacking and firearm offenses. (Doc. 16-1 at 11-12.) Redditt has been housed at USP-Tucson since December 22, 2020, (*id*. at 17), and is projected to be released from Bureau custody on September 20, 2060, (*id*. at 10).

On February 16, 2024, Bureau Special Investigative Services (SIS) technician Baeza intercepted an incoming certified mail package addressed to inmate Redditt. (*Id*. at 27, 30.) The technician then performed a NIK[2] test on a sheet of paper from the package, which tested positive for morphine. (*Id*. at 30-31.) Based on the positive NIK test results, another SIS technician, technician Islas, initiated an investigation. (*Id*. at 27.)

The investigation revealed that Redditt was in contact with a former Bureau inmate via email and telephone. (*Id*.) On February 6, 2024, Redditt had emailed the former inmate and mentioned he was waiting on a motion from the former inmate for a sentence reduction. (Doc. 16-4 at 5.) Two days later, the former inmate confirmed that he sent the motion and exhibits via certified mail to the institution the previous night. (*Id*.) SIS corroborated that the package was sent via certified mail on February 7, 2024, the same day the former inmate claimed. (Doc. 16-1 at 24.) The return address on the package listed the former inmate's full name and former federal inmate registration number. (*Id*.) On February 28, 2024, Redditt phoned the former inmate to inform him that he was placed in the Special Housing Unit (SHU) because of the package he received from the former inmate. (*Id*.)

On April 2, 2024, technician Islas authored Incident Report No. 3917560. (Doc. 16-1 at 27.) Redditt received a copy of the report the following day. (*Id*.) Lieutenant Karlan, the investigating officer, advised Redditt of his rights concerning the disciplinary

---

[1] The information in the background section is given in the light most favorable to Redditt. *See Porter v. Ollison*, 620 F.3d 952, 956 (9th Cir. 2010) (reciting facts in light favorable to petitioner).

[2] Narcotics Identification Kit. *See Torres v. Fed. Bureau of Prisons*, No. 2:19-CV-2015 DB P, 2020 WL 469347, at *2 (E.D. Cal. Jan. 29, 2020) ("[P]laintiff was charged with possession of narcotics after a NIK (Narcotics Identification Kit) tested positive on pieces of cardstock found in plaintiff's property.").

process and Redditt was given an opportunity to make a statement. (*Id*. at 29.) Redditt declined to make a statement or present evidence at that time. (*Id*.) Following the investigation, the Bureau charged Redditt with attempted introduction of drugs/alcohol, criminal mail abuse, and criminal phone abuse. (*Id*. at 27.) Lieutenant Karlan then referred the matter to the Unit Disciplinary Committee (UDC) for further processing. (*Id*. at 29.)

On April 5, 2024, the UDC conducted a hearing of the incident in question. (*Id*. at 28.) During the hearing, Redditt requested that his phone calls starting back from December be reviewed again and asserted the calls were based on his sentence reduction and that there was no talk or code about the introduction of drugs. (*Id*.) Based on the evidence, the UDC referred the incident to the DHO for further consideration. (*Id*.) The same day, Redditt signed copies of a Notice of Discipline Hearing Before the DHO and Inmate Rights at Discipline Hearing forms. (*Id*. at 40-41, 44.)

On June 6, 2024, DHO Padgett conducted a discipline hearing. (*Id*. at 22-26.) Redditt was present at the hearing along with his designated staff representative Unit Manager Stangl. (*Id*. at 22.) After being advised of the charges against him and his due process rights, Redditt denied the charges and provided a written statement. (*Id*. at 23, 33-34.) In the statement, Redditt asserted that he had been working with a former Bureau inmate since December 2023, preparing a motion for compassionate release. (*Id*. at 33.) Redditt stated he instructed the former inmate to send the motion via certified mail because "games are played with the regular mail." (*Id*.) Redditt admitted he vented his frustrations to the former inmate on the phone because he was accused of something he would never do. (*Id*. at 34.) Redditt also claimed that the phone calls and emails used in the incident report were made to look like he was attempting to introduce drugs, while the calls, if listened to in their entirety, would not reflect that he engaged in criminal activity. (*Id*.)

At the hearing, Redditt also submitted a written inmate-witness statement. (*Id*. at 23, 39.) The inmate asserted that he was present on March 7, 2024, when Reddit also received legal mail. (*Id*. at 39.) The witness testified that, on that date, Redditt repeatedly told staff they could keep the original document if they made a copy for him. (*Id*.)

- 3 -

Unit Manager Stangl, Redditt's designated staff representative, also provided a statement at the discipline hearing. (*Id*. at 22.) Stangl stated that she listened to phone calls pertaining to the investigation at Redditt's request. (*Id*.) She confirmed that Redditt had been receiving calls since December 2023, concerning his legal paperwork. (*Id*.) Stangl also provided a separate statement to the DHO in which she asserted she had listened to the phone calls outlined in the incident report and that they were consistent with section 11 of the report. (*Id*.) Section 11 of the incident report states, in pertinent part:

> On February 28, 2024, Reddit completed a phone call to [redacted] phone number [redacted]. During the phone call, Redditt told [redacted] that he is housed in the Special Housing Unit due to the article of mail he received from [redacted]. He further advised [redacted] that the article of mail had [redacted] full name and his BOP registration number, in which gave SIS staff all the information needed to correlate it with the outside caller sending the drugs. Redditt further stated, I would have never tried getting drugs under my name.

(Doc. 16-1 at 27.)

After consideration and a thorough review of the evidence, DHO Padgett found that Redditt committed the prohibited act of attempted introduction of drugs. (*Id*. at 24-25.) DHO Padgett also found that Redditt did not commit the other charged prohibited acts of criminal mail abuse and criminal phone abuse because the charges were largely duplicative of the attempted introduction charge. (*Id*. at 25.) In reaching his findings, the DHO relied on the information in the incident report, the NIK test, a staff memorandum, the SIS investigation, the inmate-witness statement, Redditt's witness statement, the staff representative statement, and photo evidence forms. (*Id*. at 24.) As a result of the culpable finding associated with the drug violation, DHO Padgett imposed the following sanctions against Redditt: (a) 41 days loss of good conduct time; (b) 180 days loss of personal telephone privileges; and (c) 180 days loss of personal email privileges. (*Id*. at 25.)

The day after the hearing, Redditt received a copy of the DHO's report, which included his written findings and conclusions. (*Id*. at 26.) The report also detailed the

reasons for the sanctions against Redditt.  (*Id*. at 25-26.)  Redditt was advised of his right to appeal the DHO's findings and conclusions within twenty (20) calendar days through the administrative remedy procedure.  (*Id*. at 26.)

On January 21, 2025, Redditt filed the petition at hand.  (Doc. 1.)  On August 20, 2025, the Bureau filed its return and answer.  (Doc. 16.)  On October 9, 2025, Redditt filed his reply.  (Doc. 20.)  While Redditt's petition was pending, he also filed a motion for leave to file declaration, a proposed declaration, a second motion for temporary restraining order, a motion for entry of default, and a motion to expand the record.  (Docs. 21, 22, 25, 26, 28.[3])  This Report and Recommendation follows.

## LEGAL STANDARD

A district court may grant habeas relief when a petitioner is in custody in "violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3). Generally, motions to contest the legality of a sentence are filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution are brought under § 2241 in the custodial court.  *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000).  An inmate may obtain relief under § 2241 for the loss of good time credits if the prison disciplinary proceeding did not comply with due process of law.  *Bostic v. Carlson*, 884 F.2d 1267, 1269 (9th Cir. 1989), *overruled on other grounds by Nettles v. Grounds*, 830 F.3d 922 (9th Cir. 2016) (en banc).  This is because the loss of good time credits may affect the duration of the inmate's confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 487-88 (1973) (ruling that inmates' suit seeking restoration of good time credits was "within the core of habeas corpus in attacking the very duration of their physical confinement").  A petitioner bears the burden of proving that he is being held contrary to constitutional mandates by a preponderance of the evidence. *Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011); *Lambert v. Blodgett*, 393 F.3d 943, 969 n.16 (9th Cir. 2004).

---

[3] The Court addresses these motions at the end of its analysis.

**DISCUSSION**

Redditt brings his § 2241 petition raising three grounds for habeas relief. (Doc. 1 at 6.) He contends that: (i) DHO Padgett's finding was not supported by adequate evidence; (ii) Bureau officials made the inmate grievance procedure unavailable to him; and (iii) Unit Manager Stangl, and all others associated with the investigation and discipline hearing of his incident report, used a capricious discipline proceeding to deprive him of good conduct time. (*Id.*) Redditt requests that the Court "excuse him from the PLRA," find that Bureau officials engaged in arbitrary and capricious conduct during his appeal, find that technician Islas filed a misleading report, and order the Bureau to restore his good conduct time. (*Id.* at 7.) While the Court finds that the Bureau fails to demonstrate available administrative remedies and waives the prudential exhaustion requirement, it concludes that the DHO's finding was supported by sufficient evidence, an unavailable grievance procedure fails to constitute a due process violation, it lacks the authority to evaluate the credibility of disciplinary witnesses, and Redditt was provided with an impartial DHO. The Court also finds that none of Redditt's post-petition motions entitle him to injunctive or habeas relief. Redditt's petition should therefore be denied and this case dismissed.

**I.    Exhaustion of Administrative Remedies**

"As a prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241." *Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012) (citation omitted). If a petitioner fails to exhaust prudentially required administrative remedies, courts are instructed to either dismiss the petition without prejudice or stay the proceedings until the petitioner exhausts his remedies. *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017).

However, an inmate is "required to exhaust only *available* remedies," *Albino v. Baca*, 747 F.3d 1162, 1171 (9th Cir. 2014), *abrogated in part on other grounds by Perttu v. Richards*, 605 U.S. 460, 475 (2025), and administrative remedies may be functionally unavailable where: (i) the administrative procedure operates as a dead end—with officers unwilling to provide any relief to aggrieved inmates; (ii) an administrative scheme is so

opaque that it becomes incapable of use; or (iii) prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation, *Ross v. Blake*, 578 U.S. 632, 643-44 (2016). This list is non-exhaustive and there are other limited circumstances that render administrative remedies unavailable, including the failure of prison officials to properly process a prisoner's timely filed grievance. *Andres v. Marshall*, 867 F.3d 1076, 1078-79 (9th Cir. 2017). Because failure to exhaust administrative remedies is an affirmative defense, it is the defendant's burden to prove that there was an available administrative remedy that the prisoner did not exhaust. *Albino*, 747 F.3d at 1172. Once the defendant has carried that burden, the burden shifts to the prisoner to come forward with evidence "showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id*.

### A. Prudential Exhaustion Requirement Waived

The Court interprets Redditt's second ground for habeas relief both as an assertion that administrative remedies were unavailable to him in the administrative exhaustion context and as a separate substantive ground for habeas relief. (*See* Doc. 1 at 6.)

In ground two of the petition, Redditt asserts that his due process rights were violated during his appeal of the DHO's decision because the Bureau's Regional and Central Offices allegedly engaged in conduct that made the inmate grievance procedure unavailable. (*Id*.) Redditt supports the assertion with reference to section 12 of Bureau Program Statement 1330.18 and 28 C.F.R. § 542.18, (*id*.), which provide guidance on Bureau response time to inmate grievance requests and appeals, *see* 28 C.F.R. § 542.18; Bureau Program Statement 1330.18.[4] Redditt states that he accepted the "Regional Office's non-response in the time allotted (30 days) as a denial" and filed his BP-11 to the Central Office. (Doc. 1 at 6.) Redditt then asserts that the Central Office rejected his BP-11 "to try to cure the Regional Office's default/due process violation and [backdated] their

---

[4] United States Department of Justice, Federal Bureau of Prisons, Administrative Remedy Program (2014), https://www.bop.gov/policy/progstat/1330_018.pdf.

response." (*Id*.)

The Bureau, on the other hand, limits its response to Redditt's second ground for habeas relief to asserting that the claim is inactionable. (*See* Doc. 16 at 13.) As it concerns Redditt's contention that administrative remedies were unavailable to him in the exhaustion context, the Bureau responds by dropping a footnote denying the allegation and asserting that the "record shows that [it] afforded [Redditt] extended deadlines as well as remarks on how to submit a proper appeal." (*Id*. at n.2.) By interpreting Redditt's petition too narrowly, however, the Bureau abandons its burden of demonstrating there was an available administrative remedy that Redditt failed to exhaust. (*See id*.)

While the Bureau includes a summary of Redditt's grievance history as it concerns his habeas claims, (*see* Doc. 16 at 6-8), it fails to link the summary to any cogent argument that Redditt failed to exhaust administrative remedies prior to filing suit, (*see id*.). It is not the Court's responsibility to sift through the Bureau's brief and exhibits and construct a failure to exhaust argument, *see Indep. Towers of Washington v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (reiterating that the court cannot manufacture a party's arguments and that a "bare assertion of an issue does not preserve a claim"), and the Bureau's footnote is insufficient to meet its burden to demonstrate there was an available administrative remedy that Redditt failed to exhaust, *see Albino*, 747 F.3d at 1176 (concluding that defendants failed to carry their initial burden of proving their affirmative exhaustion defense). The Court therefore waives the prudential exhaustion requirement and proceeds to the merits of Redditt's petition.

## II.    Due Process Requirements In Disciplinary Hearings

Under the Fourteenth Amendment's Due Process Clause, a prisoner is entitled to certain due process protections when he is charged with a disciplinary violation. *Wolff v. McDonnell*, 418 U.S. 539, 564-71 (1974). "Due process in a prison disciplinary hearing is satisfied if the inmate receives written notice of the charges, and a statement of the evidence relied on by the prison officials and the reasons for disciplinary action." *Zimmerlee v. Keeney*, 831 F.2d 183, 186 (9th Cir. 1987) (citation omitted). The inmate also has a limited

right to call witnesses and to present documentary evidence "when permitting him to do so would not unduly threaten institutional safety and goals." *Id*. Finally, "[f]indings that result in the loss of liberty will satisfy due process if there is some evidence which supports the decisions of the disciplinary board." (*Id*.)

### A. "Some Evidence" Standard

In Redditt's first ground for habeas relief, he asserts that the DHO's disciplinary finding was "not supported by adequate evidence." (Doc. 1 at 6.) Redditt adds that the incident report was drafted in a misleading manner to give the appearance of misconduct. (*Id*.) Redditt asks the Court to find that the incident report was created using exaggerations, misstatements, and concealed material facts, and that the Court restore his good conduct time. (*Id*. at 7.) The Court finds that the "some evidence" standard has been satisfied and that Redditt's first ground for habeas relief should be denied.

Ascertaining whether the "some evidence" standard is satisfied "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Lane v. Salazar*, 911 F.3d 942, 951 (9th Cir. 2018) (quoting *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985)). This standard is "minimally stringent," and "evidence only must bear some indicia of reliability to be considered some evidence." *Castro v. Terhune*, 712 F.3d 1304, 1314 (9th Cir. 2013). Evidence may also qualify as some evidence even "if it does not logically preclude any conclusion but the one reached." *Id*. A prison administrative decision may be overturned only if "no reasonable adjudicator could have found the inmate guilty of the offense on the basis of the evidence presented." *Diaz v. Gunther*, No. CV 24-03210, 2025 WL 4051894, at *7 (D. Ariz. Dec. 3, 2025) (citing *Henderson v. U.S. Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1994)).

### B. Some Evidence Supports Disciplinary Finding

Here, there is sufficient evidence in the record to support the DHO's finding that Redditt attempted to introduce drugs into the institution. The record indicates that: (i)

Redditt initiated email contact with a former inmate asking the inmate to send him mail, (Doc. 16-4 at 5); (ii) Redditt previously instructed the former inmate to only send him certified mail, (Doc. 16-1 at 33); (iii) the former inmate indicated he would be sending the mail certified, (Doc. 16-4 at 5); (iv) the former inmate confirmed he sent the information via certified mail on February 7, 2024, (*id.*); (v) Bureau officials intercepted and tested the mail for narcotics, (Doc. 16-1 at 30-32); (vi) paper in the mail tested positive for morphine, (*id.* at 30); (vii) Redditt called and complained to the former inmate that he was sent to the SHU for attempting to introduce drugs, (*id.* at 27); (viii) during the call, Redditt advised the former inmate that the inmate included his full name and former registration number in the return address, which gave SIS staff all the information needed to correlate it with the outside caller sending drugs, (*id.*); and (ix) during the call, Redditt vented to the former inmate that he would never have tried to obtain drugs using his own name, (*id.*). This evidence is more than sufficient to satisfy the "some evidence" standard, and Redditt's first ground for habeas relief should be denied.

**III.    No Due Process Violation For Unavailable Grievance Procedure**

As previously mentioned, Redditt's second ground for habeas relief is based on the assertion that his due process rights were violated during the grievance appeal process by Bureau officials who made the grievance procedure unavailable to him. (Doc. 1 at 6.) Redditt asserts the officials violated their own program statement by rejecting his grievance appeal in an attempt to cure their own procedural mistakes. (*Id.*) The Court finds that even if Bureau officials violated their own program statement by failing to respond to Redditt's grievance appeals in a timely manner, such violations fail to constitute valid grounds upon which a § 2241 habeas petition may be granted,[5] and Redditt's second ground for habeas relief should be denied.

---

[5] This is not to say that an obfuscated administrative grievance procedure will preclude a prisoner from bringing a § 2241 habeas petition. *See Ross v. Blake*, 578 U.S. 632, 644 (2016) (cleaned up) ("When rules are so confusing that no reasonable prisoner can use them, then they're no longer available."). Rather, an unavailable prison grievance procedure, standing alone, is not a sufficient ground for § 2241 habeas relief. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003).

The Ninth Circuit has repeatedly concluded that a failure by the Bureau to follow its own program statements is not a cognizable ground for § 2241 habeas relief. *See, e.g., Martin v. United States*, No. 23-4037, 2025 WL 1662682, at *1 (9th Cir. June 12, 2025) (citing *Reeb v. Thomas*, 636 F.3d 1224, 1227 (9th Cir. 2011)) ("[A]ny claim that the B[ureau] violated its own program statements is not cognizable in a § 2241 habeas petition."). It has also instructed that a prisoner's claim that Bureau officials "added things" to an appeal to "mask [its] procedural errors" fails to establish the deprivation of a liberty interest because "inmates lack a separate constitutional entitlement to a specific prison grievance procedure." *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003). Redditt's second ground for habeas relief should therefore be denied.

**IV.    Redditt Provided With Unbiased Decisionmaker**

Redditt's third ground for habeas relief is based on the assertion that Bureau staff associated with the investigation of the incident report and discipline hearing used a capricious disciplinary proceeding to deprive him of his good time credits. (Doc. 1 at 6.) Redditt adds that Unit Manager Stangl, who was supposed to help him obtain and present evidence before and during the disciplinary hearing, actually helped technician Islas and the DHO find him guilty based on inadequate facts. (*Id*.) Redditt contends that Stangl also failed to report employee conduct violations by all officers involved. (*Id*.)

The Court finds that to the extent Redditt challenges the sufficiency of the evidence upon which he was found to be culpable, it has already concluded that the DHO's finding was based on sufficient evidence. The Court also finds that to the extent Redditt alleges Bureau personnel, separate from the DHO, were biased in their participation of the disciplinary process, the Court is not required to independently assess the credibility of witnesses to ensure the proceeding comported with due process requirements. *See Lane*, 911 F.3d at 951 (ruling that the "some evidence" standard does not require "independent assessment of the credibility of witnesses"). Finally, the Court concludes that Redditt fails to demonstrate that the DHO was a victim, witness, investigator, or otherwise significantly involved in the incident; that the DHO relied on knowledge outside the prison disciplinary

proceedings to make his findings; or that the DHO displayed deep-seated and unequivocal antagonism that would render fair judgment impossible. *See* 28 C.F.R. § 541.8(b) ("The DHO will be an impartial decision maker who was not a victim, witness, investigator, or otherwise significantly involved in the incident."); *Burgess v. Rios*, No. 1:12-CV-00544, 2015 WL 3402933, at *6 (E.D. Cal. May 27, 2015) (citing *Withrow v. Larkin*, 421 U.S. 35, 46-47 (1975)) ("There is a presumption of honesty and integrity on the part of decision makers which may be overcome by evidence of a risk of actual bias or prejudgment based on special facts and circumstances."); *Liteky v. United States*, 510 U.S. 540, 555-56 (1994) (instructing that bias is shown only when a decisionmaker "relies upon knowledge outside the prison disciplinary proceedings" or displays "deep-seated and unequivocal antagonism that would render fair judgment impossible"). Redditt's third ground for habeas relief should therefore be denied and the petition dismissed in its entirety.

## V.    Miscellaneous Motions

Redditt filed a number of motions after his petition was fully briefed and pending resolution. (*See* Docs. 21, 25, 26, 28.) The Court addresses these motions in turn.

### A.    Motion to Add Declaration

On October 24, 2025, nine months after Redditt filed his petition and fifteen days after he filed his reply, Redditt filed a Motion to Add Petitioner's Declaration and a proposed lodged Declaration. (Docs. 21, 22.) In the motion, Redditt requests that the Court allow the declaration to be added to his petition "along with exhibit (F) of memorandum of law." (Doc. 21 at 1.) Notably, the motion fails to include an Exhibit F or a memorandum of law. (*See generally id.*) Moreover, Redditt's declaration proclaims his innocence and reiterates the arguments made in his petition. (*See* Doc. 22.)

"The abuse of the writ doctrine forbids the reconsideration of claims that were or could have been raised in a prior habeas petition." *Eldridge v. Howard*, 70 F.4th 543, 551 (9th Cir. 2023) (internal quotation marks and citation omitted). Under the doctrine, "a successive petition that raises identical grounds for relief as a prior petition must be dismissed unless the petitioner can show (1) cause for bringing a successive petition and

that prejudice would result or (2) that a fundamental miscarriage of justice would result from failure to entertain the claim." *Alaimalo v. United States*, 645 F.3d 1042, 1049 (9th Cir. 2011). Redditt's declaration raises identical grounds for relief as his initial petition and Redditt fails to demonstrate cause for bringing the successive motion and that prejudice or a fundamental miscarriage of justice would result from failing to entertain his claims. (*See* Docs. 21, 22.) Even if the Court were to consider the claims in Redditt's declaration, nothing in the declaration alters the Court's findings and recommendations concerning his petition. Redditt's motion to add declaration should therefore be denied.

### B.    Second Motion For Temporary Restraining Order

On December 9, 2025, shortly after District Judge Martinez denied his first motion for temporary restraining order, (*see* Doc. 24), Redditt filed a letter with the Court, which the Court interprets as a second motion for temporary restraining order, (*see* Doc. 25). In his motion, Redditt requests that the Court order the Bureau to deliver to him family pictures and religious books that were sent to the institution, a declaration allegedly sent by the former Bureau inmate who mailed Redditt the illegal narcotics for which he was disciplined, to resend a motion for compassionate release that allegedly never made it to the intended recipient, to unblock certain family members from contacting him, and to comply with other requests for injunctive relief. (*See* Doc. 25.) The Court finds that Redditt requests relief that is not of the same character as the relief that may be granted finally and recommends that his second motion for temporary restraining order be denied.

A plaintiff seeking a temporary restraining order (TRO) must satisfy the same legal standard governing preliminary injunctions, including establishing each of the following elements: (i) a likelihood of success on the merits, (ii) a likelihood of irreparable injury if injunctive relief is not granted, (iii) a balance of hardships favoring the moving party, and (iv) an advancement of the public interest. *See Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008). For a prisoner to be entitled to a TRO or a preliminary injunction, "there must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint." *Pac. Radiation Oncology, LLC v.*

*Queens Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015). This relationship is established where the TRO would grant "relief of the same character as that which may be granted finally." *Id.* (quoting *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945)). Absent such a relationship or nexus, district courts lack authority to grant emergency injunctive relief. *Pac. Radiation Oncology*, 810 F.3d at 636; *see also LA All. for Hum. Rts. v. Cnty. of L.A.*, 14 F.4th 947, 956 (9th Cir. 2021) (internal quotation marks and citation omitted) (explaining that a district court may grant injunctive relief only on "the merits of the case or controversy before it, and does not have the authority to issue an injunction based on claims not pled in the complaint").

Here, Redditt's second motion for temporary restraining order is unrelated to the factual allegations and legal claims outlined in his § 2241 habeas petition. (*Compare* Doc. 1 at 6-7 *with* Doc. 25 at 1-4.) Moreover, the relief that Redditt seeks in his second TRO is not of the same character that which may be granted finally, which is the restoration of his good conduct time. (*See* Doc. 1 at 7.) To the extent Redditt seeks injunctive relief to receive a declaration from the former inmate who sent him illegal drugs, he fails to argue, much less demonstrate, that he satisfies any of the requisite *Winter* factors. (*See* Doc. 25.) Redditt also fails to support his allegations with an affidavit as required by Federal Rule of Civil Procedure 65(b)(1). As such, the Court lacks the authority to grant Redditt's second motion for injunctive relief and his request should be denied.

### C.    Declaration for Entry of Default

On December 9, 2025, the same day he filed his second TRO motion, Redditt filed a Declaration for Entry of Default. (Doc. 26.) In the declaration, Redditt asserts that "more than 20 days" have passed since the Bureau was served with a copy of his reply and it has failed to "answer or otherwise defend as [to his] response." (*Id.* at 1.) Redditt adds that the Bureau is not "in the military service" and is not an "infant[ ] or incompetent[ ]." (*Id.* at 2.) The Bureau responded six days later, informing Redditt that it was neither authorized nor required to file a sur-reply to his reply and requesting that his motion for entry of default

be denied. (Doc. 27.) The Court agrees with the Bureau and recommends that Redditt's declaration for entry of default be denied.

"Default may be entered when a party has failed to plead or otherwise defend an action." *Cowen v. Aurora Loan Servs.*, No. CIV 10-452, 2010 WL 3342196, at \*1 (D. Ariz. Aug. 25, 2010) (citing Fed. R. Civ. P. 55(a)). "However, default cannot be entered unless documentation establishes that a defendant has been served with a summons and complaint (or has agreed to waive service), the time allowed for responding has expired, and defendant has failed to file a pleading or motion permitted by law." *Cowen*, 2010 WL 3342196, at \*1 (citation omitted). The term "otherwise defend" is understood to include motions attacking service, motions to dismiss, motions for bills of particulars, or motions for summary judgment. *Id.*

The Court's June 24, 2025 Service Order instructs the Bureau to answer Redditt's petition "within 20 days of the date of service," and allows Redditt an optional "30 days from the date of service of the answer" to file a reply. (Doc. 10 at 3.) There is no provision in the District of Arizona's Local Rules or the Federal Rules of Civil Procedure permitting a party opposing a § 2241 petition to file a sur-reply. *See Burgess v. Shinn*, No. CV-21-01164, 2022 WL 2341218, at \*1 (D. Ariz. June 29, 2022) ("[N]either the Federal Rules of Civil Procedure nor the District's Local Rules entitle a party to a sur-reply as a matter of right.") In fact, "sur-replies are highly disfavored and permitted only in extraordinary circumstances." *Finley v. Maricopa Cnty. Sheriff's Off.*, No. CV-14-02609, 2016 WL 777700, at \*1 n.1 (D. Ariz. Feb. 29, 2016). Redditt's declaration for entry of default should therefore be denied.

### D. Motion to Expand Record

On March 13, 2026, Redditt filed a Motion to Expand Record Pursuant to Rule 7 of the Rules Governing Section 2254 Cases in the United States District Courts. (Doc. 28.) In the motion, Redditt expands on the same grounds for relief offered in his initial petition and raises new arguments in an attempt to demonstrate that the prison disciplinary proceedings violated his due process rights. (*See id.* at 11-25.) Redditt also includes

exhibits that have already been considered or have been rejected by the Court. (*See* Doc. 28-1 at 1-16.) Redditt's motion to expand the record should be denied.

"The Rules Governing Section 2254 Proceedings are applicable to petitions for writs of habeas corpus under 28 U.S.C. § 2241." *Muktar v. Gurule*, No. CV-16-4028, 2017 WL 2414574, at *1 n.1 (D. Ariz. May 9, 2017) (citing Rule 1(b) of the Rules Governing Section 2254 Cases). Rule 7 of the Rules Governing Section 2254 Cases provides:

> **(a) In General.** If the petition is not dismissed, the judge may direct the parties to expand the record by submitting additional materials relating to the petition. The judge may require that these materials be authenticated.
>
> **(b) Types of Materials.** The materials that may be required include letters predating the filing of the petition, documents, exhibits, and answers under oath to written interrogatories propounded by the judge. Affidavits may also be submitted and considered as part of the record.
>
> **(c) Review by the Opposing Party.** The judge must give the party against whom the additional materials are offered an opportunity to admit or deny their correctness.

SECT 2254 Rule 7. "The purpose of Rule 7 is to enable the judge to dispose of some habeas petitions not dismissed on the pleadings, without the time and expense required for an evidentiary hearing." *Williams v. Schriro*, 423 F. Supp. 2d 994, 1002 (D. Ariz. 2006) (internal quotation marks and citation omitted).

Here, there is no need to expand the record because the grounds for relief outlined in Redditt's petition are without merit and an evidentiary hearing is not necessary since the existing record is sufficient to resolve Redditt's claims. *See Schriro v. Landrigan*, 423 F. Supp. 2d 994, 1003 (D. Ariz. 2006) ("[E]xpansion [of the record] is not warranted under Rule 7 because the exhibits are not relevant."); *cf. Schurz v. Schriro*, No. CV-97-580, 2007 WL 2808220, at *26 (D. Ariz. Sept. 25, 2007) ("Section 2254(e)(2), as amended by the AEDPA, limits a petitioner's ability to present new evidence through a Rule 7 motion to expand the record."). The exhibits Redditt offers have already been considered by the

Court in recommending the denial of his petition and the denial of his request to add a declaration. Redditt's motion to expand record should therefore be denied.

## RECOMMENDATION

For the aforementioned reasons, the Magistrate Judge recommends that the District Judge, after her independent review, enter an order DENYING the Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1); DENYING the Motion to Add Petitioner's Declaration (Doc. 21); DENYING the Declaration in Support of Temporary Restraining Order (Doc. 25); DENYING the Declaration for Entry of Default (Doc. 26); DENYING the Motion to Expand Record (Doc. 28); and DISMISSING WITH PREJUDICE this case. Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(2), any party may serve and file written objections within fourteen (14) days of being served with a copy of this Report and Recommendation, and a party may respond to another party's objections within (14) days after being served with a copy. No replies shall be filed unless leave is granted by the District Judge. If objections are filed, the parties should use the following case number: **CV-25-30-TUC-AMM**. Failure to file timely objections to any of the Magistrate Judge's factual or legal determinations may result in waiver of the right of de novo review.

Dated this 27th day of March, 2026.

_____
Honorable Bruce G. Macdonald
United States Magistrate Judge

- 17 -